**Donald R. Cowan**

3768 SE 48th PL Oklahoma City, Ok 73135
(405) 708-1756 | Cowan.Radio@gmail.com

Mark Langer – Clerk of the U.S. Court of Appeal
District of Columbia
333 Constitution Ave. NW,
Washington, DC 2001

May 26, 2024

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

MAY 30 2024

RECEIVED

Dear Mr. Langer,

Enclosed you will find the following documents needing filing on the docket.
1. Complaint on Petition for Declaratory Judgment and Writ of Prohibition.
2. Motion for Leave to Proceed on Appeal IN FORMA PAUPERIS.
3. Motion for CM/ECF User Name and Password.

Also, the Complaint on Petition raises a Constitutional Question and needs Certification pursuant to Fed. R. App. P. 44. I included the Rule 44 and Rule 35 notice in the body of the Complaint on the first page.

Warm Regards,



**Donald R. Cowan**
PRO SE Litigant,
Plaintiff.

Original

UNITED STATES COURT OF APPEALS

DISTRICT OF COLUMBIA

| | |
|---|---|
| Donald R. Cowan,<br><br>    Plaintiff,<br><br>    v.<br><br>Joel Taubenblatt, Bureau Chief,<br>Wireless Telecommunications Bureau of the<br>Federal Communications Commission,<br><br>    Defendant. | **Fed. R. App. P. 35**<br>**En Banc Determination Requested**<br><br><br>Case No:<br><br>*This proceeding involves a question of exceptional importance.* |

## Complaint on Petition for Declaratory Judgment and Writ of Prohibition

### Fed. R. App. P. 44

### Notice of Constitutional Question[1]

1. This complaint raises an Article III Controversy, under the "Necessary and Proper Clause" or otherwise known as the "Elastic Clause" of the United States Constitution.

2. This complaint calls into question the constitutional authority of the United States Congress to delegate its legislative authority, to a federal agency, herein the Federal Communications Commission, and whether or not Congress violated the "non delegation doctrine" because it had acted without "intelligible principle", by giving the Federal Communications Commission overly broad sweeping powers to legislate without restraint, thereby allowing the Federal Communications Commission to legislate beyond its original Mandate.

---

[1] Plaintiff has included this notice in the body of his complaint to support his *En Banc Determination* request, and to provide the Clerk of the Court sufficient notice that a Constitutional Question is present needing appropriate certifications to Both the *United States Attorney General* and the *Attorney General of the State of Oklahoma*.

Page **1** of **7**

3. This complaint also calls into question the constitutionality of the application of the Federal Communications character policy, on fifth amendment due process grounds, as it relates to the Plaintiff's State of Oklahoma felony conviction of manslaughter and his application for licensure;

4. Plaintiff, further alleges the State of Oklahoma criminal statute in question, 21 O.S. § 711, as applied and facially is unconstitutional under the "Overbreadth Doctrine", the fifth and fourteenth amendment as it violates plaintiffs due process, and that the statute as written infringes on the second amendment of the United States Constitution.

## Jurisdiction

5. Jurisdiction is invoked, pursuant to 28 U.S.C. § 1651 and 28 U.S.C. § 2201

## Statement of the Case

6. The United States maintains control over all channels of radio transmission.[2] Individuals may use these transmission channels for limited periods of time under specific licenses granted by a federal authority.[3] The Federal Communications Commission ("FCC" or "Commission"), is the federal authority designated by Congress to issue such licenses for private operation of radio stations.[4] Licenses are granted upon application if it serves "the public convenience, interest, or necessity."[5] This determination involves weighing many factors, one of which is the applicant's character qualifications to hold a license.[6]

The FCC announced its first Policy Regarding Character Qualifications in

---

[2] 47 U.S.C. § 301
[3] *Id.*
[4] *Id.* § 303(1).
[5] *Id.* § 307(a).
[6] *Id.* § 308(b) (discussing the requirements and conditions for a license, to include setting forth facts as to the applicant's character).

Broadcast Licensing over forty years ago.[7] In that 1981 publication, the FCC noted that it had been weighing applicants' character "[w]ithout . . . clear guidelines," which had inadvertently led to inconsistent character determinations.[8] By 1986, the FCC had established a comprehensive character policy statement.[9] And by 1991, the Commission concluded that consideration of a broader range of criminal conduct was appropriate.[10] More specifically, the FCC found that "a propensity to comply with the law generally is relevant to the Commission's public interest analysis," noting that "an applicant's or licensee's willingness to violate other laws, and, in particular, to commit felonies, also bears on [its] confidence that an applicant or licensee will conform to FCC rules and policies."[11] Accordingly, the Commission found that consideration of an applicant's character must include whether the applicant has a felony conviction, "[b]ecause all felonies are serious crimes."[12] Thus, "any conviction [of one] provides an indication of an applicant's or licensee's propensity to obey the law" and abide by Commission rules.[13] Even with this finding, however, the Commission

---

[7] *See* Policy Regarding Character Qualifications in Broadcast Licensing, Notice of Inquiry, 87 FCC 2d 836, 836-37 (1981).
[8] *Id.* at 836-37.
[9] Policy Regarding Character Qualifications in Broadcast Licensing; Amendment of Rules of Broadcast Practice and Procedure Relating to Written Responses to Commission Inquiries and the Making of Misrepresentations to the Commission by Permittees and Licensees, Report, Order and Policy Statement, 102 FCC 2d 1179 (1986).
[10] *See* Policy Regarding Character Qualifications in Broadcast Licensing, Amendment of Part 1, the Rules of Practice and Procedure, Relating to Written Responses to Commission Inquiries and the Making of Misrepresentations to the Commission by Applicants, Permittees, and Licensees, and the Reporting of Information Regarding Character Qualifications, Policy Statement and Order, 5 FCC Rcd 3252, 3252, ¶ 2 (1990), recon. on other grounds, 6 FCC Rcd 3448 (1991), modified on other grounds, 7 FCC Rcd 6564 (1992) (available at https://docs.fcc.gov/public/attachments/FCC-90-195A1.pdf) (noting that the 1986 Character Policy Statement "took an overly narrow view of the range of misconduct that should be relevant in licensing decisions covered by it").
[11] *Id.* ¶ 3.
[12] *Id.* ¶ 4.
[13] *Id.*

recognized that not all felony convictions are equally probative of an applicant's character.[14] As a result, it has identified mitigating factors that are taken into account.[15]

On September 18, 2023, Plaintiff applied to the FCC for an amateur radio station license and noted his past felony conviction for manslaughter. Several days later, Plaintiff received an email from an FCC staff member[16] within the Wireless Telecommunications Bureau that "the Commission is reviewing its policies regarding certain types of offenses" including his convicted offense, and that Plaintiff's application will stay pending until the commission completes its review. Plaintiff now alleges as follows:

### Count 1

7. Plaintiff incorporates by reference paragraph 1-6 above.

8. Plaintiff hereby alleges that the Federal Communications Commission unilateral expansion of Federal Communications character policy to include non-FCC related misconduct is an unconstitutional encroachment of the "necessary and proper clause" of the United States Constitution, thereby rendering facially unconstitutional its publication and enforcement in the Code of Federal Regulation, 47 C.F.R. § 73.4280, 55 Fed. Reg. 23,082 (June 6, 1990, setting forth F.C.C. 90-195, the Commissions policy statement expanding the scope of inquiry to consider all felony convictions in evaluating a broadcast licensee's character).

### Count 2

9. Plaintiff incorporates by reference paragraph 1-6 above.

---

[14] *Id.* ¶ 5
[15] *Id.*
[16] Mindy DeJesus, Management Analyst – Wireless Telecommunication Bureau

10. Exercise of power under the Article I, Section 8, Clause 18 is exclusively reserved to Congress and Congress alone. Plaintiff alleges that Congress has unconstitutionally abdicated its legislative authority under 47 U.S.C. § 308 ("as the Commission by regulation may prescribe") by not providing a clear path to aid the Commission in determining its legislative intent and boundaries, and

    a. in doing so the United States Congress has run afoul of the "Non-Delegation Doctrine" by not providing an "intelligible principle."
    b. Plaintiff further alleges that 47 U.S.C. § 402 (b) is facially unconstitutional in that it unnecessarily burdens and infringes on the Plaintiffs first amendment right to petition for redress of grievance, in a district court of venue by the person aggrieved. While the courts have presumed exclusive jurisdiction based upon a rationale that the congress wanted a uniformed body of laws developed for a newly created federal agency, the truth of the matter is that it has been abused by the Commission for far too long, to judge shop for judges that are more prone to rule in their favor. Having one court exercising exclusive jurisdiction draws into question the integrity, trust, and impartiality of the judicial system.

### Count 3

11. Plaintiff incorporates by reference paragraph 1-6 above.
12. Plaintiff alleges that the Commission character policy as applied to the Plaintiff is punitive as opposed to probative, in that it violates his fifth amendment due process rights and prohibition from double jeopardy, thus subjecting him to cruel and unusual punishment in violation of his eight amendment guarantees, because it assumes a character flaw due to a "willfulness to violate the law" without undertaking an exhaustive

inquiry as to whether or not mitigating factors such as a fundamental miscarriage of justice exist, to warrant such a presumption.

   a. Plaintiff further alleges that the Commission Character policy is unconstitutional as applied to him, in that Plaintiff alleges that he is legally and factually innocent because Oklahoma's manslaughter statute 21 O.S. § 711(2) and §711(3) is facially and as applied to the plaintiff[17], unconstitutional under the "overbreadth doctrine" as it criminalizes lawful behavior in violation of plaintiffs, fifth and fourteenth amendment due process rights, and infringes on the Second Amendment of the United States Constitution. Thus, the continued application of, the statute and Character policy, would be a violation of Plaintiffs eight amendment guarantees to be free from cruel and unusual punishment. See McDonald v. Chicago, 561 U.S. 742 (2010).

### Relief Requested

*Wherefore*, for the foregoing reasons, Plaintiff ask this Court to exercise its original jurisdiction in aid of its appellant jurisdiction, thereby granting plaintiff declaratory relief along with a Writ of Prohibition and/or Injunction barring the defendant from taking any action that this court deems is unconstitutional.

Respectfully submitted,

*[signature]*
Donald Cowan, Plaintiff
3768 SE 48th PL
Oklahoma City, Oklahoma 73135
(405) 708-1756
Cowan.Radio@gmail.com

---

[17] See Justifiable Homicide 21 O.S. § 733(1) and §733(2), Also see 21 O.S. § 1289.25(D) no duty to retreat, thus retreat should be irrelevant to necessity.

## Certificate of Service

I, Donald R. Cowan, certify that I have served the attached "Complaint on Petition for Declaratory Judgment and Writ of prohibition" upon the Defendant by mailing said document via the United States Postal Service on 5/28/2024, postage prepaid, to wit:

Joel Taubenblatt,
Bureau Chief – Wireless Telecommunications Bureau,
Federal Communications Commission
45 L Street NE
Washington, DC 20554

*Donald R Cowan*
Donald Cowan, Plaintiff
3768 SE 48th PL
Oklahoma City, Oklahoma 73135
(405) 708-1756
Cowan.Radio@gmail.com



# UNITED STATES POSTAL SERVICE® | PRIORITY® MAIL

FROM:
Donald R Cowan
3768 SE 48th PL
Oklahoma City OK 73135

xpected delivery date specified for domestic use.
omestic shipments include $100 of insurance (restrictions apply).*
SPS Tracking® service included for domestic and many international destinations.
mited international insurance.**
hen used internationally, a customs declaration form is required.
rance does not cover certain items. For details regarding claims exclusions see the
estic Mail Manual at http://pe.usps.com.
e International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

LAT RATE ENVELOPE
E RATE ■ ANY WEIGHT

TO:
Clerk of Court
U.S. Court of Appeals
District of Columbia
333 Constitution AVE NW
Washington, DC 20001

To schedule free Package Pickup, scan the QR code.

USPS.COM/PICKUP

RACKED ■ INSURED


PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2



EXPECTED DELIVERY DAY: 05/30/24
USPS TRACKING® #

9505 5152 0773 4149 5244 71