UNITED STATES COURT OF APPEALS

DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Donald R. Cowan,<br><br>   Petitioner,<br><br>  v.<br><br>Federal Communications Commission,<br><br>   Respondent. | Case No: 24-1173 |

**Motion for Court Appointed Counsel**

This court has previously held that in "civil cases, petitioners are not entitled to appointment of counsel where they have not demonstrated sufficient likelihood of success on the merits", *In re: James L. Colvin No: 18-1110, Order [Document # 1764737], September Term, 2018, U.S. Court of Appeals for The District of Columbia.*[1] Therefore, pursuant to 28 U.S.C. § 1915(e), Mr. Cowan, moves this Court for appointment of Counsel. In support of his request, Mr. Cowan states the following:

1. Mr. Cowan, has made application to the Federal Communications Commission for an Amateur Operators License. Mr. Cowan, has a Felony Conviction, but with mitigating circumstances that should be evaluated in the FCC's decision to grant him a license.

2. The FCC is not extending Mr. Cowan the opportunity to present that evidence, instead placing his application on hold, pending "review of its policies."

3. There are eight mitigating factors specified in the Commission's character qualifications policy, namely: willfulness, frequency, currentness, seriousness, participation of station management, record of FCC compliance, efforts made to remedy the wrong, and rehabilitation.

---

[1] Available at https://docs.fcc.gov/public/attachments/DOC-355652A1.pdf

4. Based upon Mr. Cowan's written disclosure of the mitigating Circumstances of his felony, it quickly became evident to the Federal Communications Commission, that there were constitutional issues presented that are outside of its general area of regulatory expertise. *Axon Enterprise v. Federal Trade Commission (FTC)* [2] and *Securities and Exchange Commission v. Cochran*

5. Any appeal to this Court from an adverse agency decision in Mr. Cowan's case would, turn on whether or not the agency decision was arbitrary and or capricious.

6. Given that Mr. Cowan, has mitigating circumstances that legitimately questions the constitutional validity of his Conviction at issue with the Federal Communications Character Policy, and that any adverse action of the Federal Communications Commission in this regard would further impact his First Amendment Rights to partake in regulated activity of speech pursuant to 47 CFR § 97.111, 47 C.F.R §97.117, this Court has and should exercise Original Jurisdiction in this matter.

7. While Mr. Cowan, has attempted to bring these issues to the forefront in his pleadings to this court, it is apparent that this Courts time and that of the Parties involved would be better served by appointing Mr. Cowan Counsel to aid in vindicating his Constitutional Rights that hang in the Balance.

8. Mr. Cowan is likely to succeed on the merits of this Appeal, and is therefore Constitutionally Entitled to Appointment of Counsel, under the Sixth Amendment of the United States Constitution.

   Respectfully Submitted,

                             */s/ Donald R. Cowan*
                             Donald R. Cowan, Plaintiff
                             3768 SE 48th PL
                             Oklahoma City, Oklahoma 73135
                             (405) 708-1756 | Cowan.Radio@gmail.com

---

[2] Available at https://www.supremecourt.gov/opinions/22pdf/21-86_l5gm.pdf

## **Certificate of Service**

I hereby certify that the attached "Motion for Court Appointed Counsel" was electronically filed with the Clerk of the Court on June 22, 2024.

    */s/ Donald R. Cowan*
Donald R. Cowan, Plaintiff
3768 SE 48th PL
Oklahoma City, Oklahoma 73135
(405) 708-1756 | Cowan.Radio@gmail.com