UNITED STATES COURT OF APPEALS

DISTRICT OF COLUMBIA

| | |
|---|---|
| In re Donald R. Cowan,<br><br>   Petitioner,<br><br>    v.<br><br>Federal Communications Commission,<br><br>   Respondent. | Case No: 24-1173 |

**Notice of Constitutional Question**

To Clerk of Said Court:

     Pursuant to Rule 44(b) of the Federal Rules of Appellate Procedure, Petitioner provides written notice that he has brought a Constitutional Challenge that "questions the constitutionality of a statute of a State in a proceeding in which that State or its agency, officer, or employee is not a party in an official capacity". Id.

     The documents that contain said challenge are:

1. PETITION [2057480] for writ of prohibition filed by Petitioner Donald R. Cowan [Service Date: 05/28/2024 by US Mail], Count 3, Paragraph 12(a).

2. AMENDED PETITION [2060683] for writ of prohibition lodged by Petitioner Donald R. Cowan [Service Date: 06/20/2024 by CM/ECF NDA], Constitutional Argument 1(A), Page 15, to wit:

> ***Wherefore***, Petitioner lodges an as applied challenge to the broad nature of the Manslaughter Statute and alleges that Petitioner's Manslaughter Conviction at issue with the Federal Communications Character Policy, is unconstitutional in that the broad nature of the Statute unconstitutionally criminalized his lawful use of a firearm, in violation of his U.S. Const. Amend. 4 rights to be "secure in his

person, house, papers, and effects [to keep and bear arms]", his U.S. Const. Amend. 4 rights to be free from "unreasonable search and seizure", his U.S. Const. Amend 14 rights of "due process and equal protection of law" and his U.S. Const. Amend. 2 Rights of "Self-Defense" and absent the unconstitutionally broad nature of the Manslaughter Statute, no reasonable fact finder or jurist would have voted to Convict the Petitioner of the underlying offense.

Petitioner along with his as applied challenge, also makes a facial *"Overbreadth Doctrine"* challenge to the Manslaughter Statute as it also potentially criminalizes behavior that is protected by the U.S. Const. Amend 1 "petitioning for redress of grievance" when the State unlawfully seizes a firearm, on account of its lawful but public use, and then is forced "to show cause" , thus unconstitutionally requiring one to choose between enforcing their right to due process as it relates to firearm possession and their unlawful seizure by the state, or risk losing their Second Amendment Right of self-defense altogether.

Wherefore, the Petitioner having given "written notice to the circuit clerk immediately upon the filing of the record or as soon as the question is raised in the court of appeals. The clerk must then certify that fact to the attorney general of the State." Id. , To wit:

Gentner Drummond
Oklahoma Attorney General
313 NE 21st Street
Oklahoma City, Oklahoma 73105
constact@oag.ok.gov

Respectfully Submitted,

/s/ *Donald R. Cowan*
Donald R. Cowan, Petitioner
3768 SE 48th PL
Oklahoma City, Oklahoma 73135
(405) 708-1756 | Cowan.Radio@gmail.com
Pro Se for the Petitioner

## Certificate of Service

I hereby certify that the attached "Notice of Constitutional Question" was electronically filed with the Clerk of the Court on June 26, 2024, and electronically served on the following respondent, to wit:

Sarah E. Citrin
Federal Communications Commission
45 L. Street NE, Washington, DC 20554
Attorney for Respondent | (202) 418-1537
Sarah.citrin@fcc.gov
fcclitigation@fcc.gov

      /s/ Donald R. Cowan
Donald R. Cowan, Petitioner
3768 SE 48th PL
Oklahoma City, Oklahoma 73135
(405) 708-1756 | Cowan.Radio@gmail.com
Pro Se for the Petitioner